**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORRIS COBIN, <br><br> Plaintiff, <br><br> v. <br><br> PRESSLER & PRESSLER, L.L.P., <br><br> Defendant. | Civil Action No.: <br> 10-261 (PGS) <br><br> MEMORANDUM & ORDER |

This case comes before the Court on defendant Pressler & Pressler, L.L.P.'s ("Pressler & Pressler") motion for summary judgment. [Docket Entry No. 22]. In its motion for summary judgment, Pressler & Pressler asserts that the statute of limitations has already run on all of Plaintiff's claims. For the reasons stated below, Pressler & Pressler's motion is GRANTED.

I

Plaintiff Norris Cobin's ("Plaintiff") complaint concerns Pressler & Pressler's alleged violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, while trying to recover the outstanding debt on a credit card (the "Account"). The Account was opened in Plaintiff's name on March 5, 1997. According to Plaintiff, the Account was opened by Shannon Bellamy before Plaintiff and Ms. Bellamy were married. Plaintiff further states that the Account was opened without his knowledge or consent. On March 25, 2002, Plaintiff and Ms. Bellamy were divorced. At the divorce settlement hearing, the issue of Ms. Bellamy's fraudulent accounts was raised, but there was no finding of fraud and no listing of which accounts were allegedly fraudulent. Instead the court stated that Plaintiff would not be responsible for fraudulent accounts, but Plaintiff

would have to work with each credit card company to determine his personal liability. On August 12, 2002, in a separate matter, Ms. Bellamy filed an individual petition for Chapter 7 bankruptcy.

On or about December 27, 2005, New Century Financial Services, Inc. ("NCFSI"), a buyer of distressed debt, acquired a portfolio of defaulted accounts that included the Account. Upon acquisition of the Account, NCFSI referred the Account to their collection counsel, Pressler & Pressler. On January 10, 2006, Pressler & Pressler initiated collection activity. Plaintiff states that he informally notified Pressler & Pressler that the debt actually belonged to Ms. Bellamy. On or about February 15, 2006, Pressler & Pressler filed a complaint to recover on the Account with the Superior Court of Bergen County New Jersey, Special Civil Part. Service of process followed shortly thereafter. Plaintiff failed to file an answer in the lawsuit, but Plaintiff alleges that he again informally notified Pressler & Pressler that the Account belonged to Ms. Bellamy. On June 8, 2006, default judgment was entered against Plaintiff. On December 11, 2008, the court signed an Order and Execution against Earnings directed toward Plaintiff's then-employer. On February 4, 2009, the court vacated the default judgment and ordered the garnished funds returned to Plaintiff. On August 3, 2009, the complaint against Plaintiff was dismissed.

Plaintiff filed his original complaint in the instant matter on January 15, 2010, alleging that Pressler & Pressler violated the FDCPA. Specifically, Plaintiff alleged that Pressler & Pressler obtained a default judgment against Plaintiff despite knowing that Plaintiff was not responsible for the debt. On May 24, 2010, Plaintiff filed an amended complaint, adding the allegations that, outside of the courtroom on February 6, 2009, a member of Pressler & Pressler (1) called Plaintiff a "low life liar," and (2) "told [Plaintiff] that [Plaintiff] would lose his job as a result of the wage garnishments." Am. Compl. ¶¶ 20-21.

II

Summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists only if a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such a fact is considered material only if the fact may affect the outcome of the litigation based on the substantive law. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

After a party files a motion for summary judgment along with supporting papers, the non-moving party must produce specific facts showing that there is a genuine issue for trial. *Jersey Cent. Power & Light Co. v. Twp. of Lacey,* 772 F.2d 1103, 1109 (3d Cir.1985) (citation omitted). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir.1990) (*citing* Fed. R. Civ. P. 56(e)).

III

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1962k(d). Additionally, "[w]here FDCPA claims are premised upon allegations of improper pursuit of debt collection litigation" the statute of limitations runs from either the date of filing of the underlying collection action or the date on which the purported debtor is served, depending on the circuit. *See Schaffhauser v. Citibank*, 340 Fed. App'x 128,130-31 (3d Cir.

2009); *see also Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997)).

In the instant case, for every cause of action arising out of Pressler & Pressler's allegedly improper pursuit of debt collection litigation, the statute of limitations has long since run.[1] Plaintiff attempts to avoid this result by arguing that the operative date from which to determine the statute of limitations is August 3, 2009, when the state complaint was dismissed. However, the Third Circuit has already considered and rejected this argument. *See Schaffhauser*, 340 Fed. App'x at 130-31. Thus, all of these claims are barred by the statute of limitations.

## ORDER

This matter, having come before the Court on Defendants' motion for summary judgment [Docket Entry No. 22], and this Court having considered the parties' submissions without oral argument; and for the reasons stated above,

IT IS on this 2nd of March, 2012,

ORDERED that Defendants' motion for summary judgment is GRANTED; and

ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE and that this case is CLOSED.

                                                   *[signature]*
                                                   PETER G. SHERIDAN, U.S.D.J.

March 2, 2012

---

[1] Plaintiff also claims that Pressler & Pressler employee Thomas M. Brogan, Esq. called Plaintiff "a low life liar" and said "once they see this garnishment, you're going to lose your job." These statements were made during a break in the February 6, 2009 hearing at the state courthouse. The Court finds that, as Plaintiff was within immediate proximity of the Hon. Liliana S. DeAvila-Selibi, J.S.C. and the protection of the court, the Plaintiff was not "abused" as that language is used in 15 U.S.C. § 1692d(2).